UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC LEE HERSHBERGER,<br><br>  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | No. 14-cv-03087-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 14, 16. Plaintiff timely filed a reply. ECF No. 17. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 16**.

**JURISDICTION**

July 12, 2010 plaintiff protectively applied for supplemental security income (SSI) benefits and disability insurance benefits (DIB). He alleged onset (as amended) also beginning July 12, 2010 (Tr. 49, 165-70). Benefits were denied initially and on reconsideration (Tr. 93-96, 99-103). ALJ Mary Gallagher Dilley held a hearing October 12, 2010 (Tr. 45-80) and issued an unfavorable decision November 29, 2010 (Tr. 23-36). The Appeals Council denied review May 8, 2014

ORDER - 1

(Tr. 1-6). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review June 24, 2014. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the briefs of the parties. They are only briefly summarized as necessary to explain the court's decision.

Plaintiff was 38 years old at onset and 42 at the hearing. He earned a GED and has worked as a process server, semi- truck cleaner, oil derrick worker, casino manager and surveillance system monitor. He alleges disability due to "severe shoulder, neck and head pain, depression, memory loss and severe nausea." (Tr. 49, 51, 54-73, 75-76, 198).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so,

benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

ORDER - 3

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence

ORDER - 4

and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Dilley found plaintiff was insured through December 31, 2013 (Tr. 23, 25). At step one, the ALJ found he did not work at SGA levels after onset on July 12, 2010 (Tr. 25). At steps two and three, she found he suffers from headaches, cervical spine dysfunction and depressive disorder, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 25-26). The ALJ found plaintiff less than fully credible (Tr. 29), a finding he does not challenge on appeal. She found he can perform a range of sedentary work (Tr. 28). At step four, relying on a vocational expert's testimony, the ALJ found he is unable to perform any past relevant work (Tr. 35). At step five, the ALJ found there are other jobs he can perform, such as semiconductor bonder and table worker (Tr. 35). The ALJ concluded plaintiff was not disabled (Tr. 36).

## ISSUES

Plaintiff alleges the ALJ improperly weighed the medical evidence and failed to meet her burden at step five. ECF No. 14 at 12-20. The Commissioner responds that because the ALJ's decision is free of harmful error and supported by substantial evidence, the Court should affirm. ECF No. 16 at 2-3.

## DISCUSSION

*A. Credibility*

Plaintiff alleges the ALJ failed to properly credit the opinions of treating and examining sources, particularly those of Drs. Powell, Hodapp and Dougherty. ECF No. 14 at 12-18. The Commissioner responds that the ALJ properly weighed the

ORDER - 5

medical evidence. ECF No. 16 at 7.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). Plaintiff does not challenge the ALJ's credibility assessment, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). He does, however, challenge the ALJ's assessment of conflicting medical evidence. The court addresses credibility because the ALJ considered it when she weighed the conflicting medical opinions and other evidence.

The ALJ notes there is evidence plaintiff exaggerated his symptoms during an evaluation related to his worker's compensation claim. Dr. Devita observed when he was not directly evaluating plaintiff's shoulders and neck, the range of motion in these areas was "markedly increased" compared to when he performed direct testing. On another occasion plaintiff exhibited such "overwhelming pain behavior" that it suggested "conscious manipulation," and there is evidence physical symptoms are used for secondary gain. The latter refers to obtaining pain medication but not taking it, and taking other pain medication which was not prescribed, as evidenced by UA testing (Tr. 30, 311, 321-23, 762, 772); *see also* Tr. 267, 298 (significant pain behavior observed by two treating sources in March 2009, before onset).

The ALJ points out physical exam findings are inconsistent with claimed limitations. As an example, despite claims of spending a significant amount of time in bed due to pain, exams show normal motor strength and no atrophy, before and throughout the relevant period. If plaintiff spent a significant amount of time in bed for more than two years as alleged, one would indeed expect observable muscle deconditioning (Tr. 30) (*see e.g.*, Tr. 278, 282, 298, 311). Normal range of motion has been seen (Tr. 338, June 2010). Plaintiff was terminated from group therapy

ORDER - 6

for non-attendance (Tr. 694, 697-99, 701, 707). In July 2012 plaintiff said he was working on cars over the weekend (Tr. 880, 883). The ALJ's credibility assessment is fully supported.

*B. Physical limitations*

*Dr. Hodapp*

Julie Hoddap, M.D., examined and evaluated plaintiff at the Virginia Mason Clinic in March 2009 and October 2011 for neck and upper extremity pain [Michael Elliott, M.D., a neurologist also examined plaintiff at the same clinic.] In October 2011 she opined plaintiff was probably unable to work given the severity of his current symptoms; however, she indicated it was "difficult" to evaluate plaintiff's physical capacity because she had only seen him twice. She suggested plaintiff undergo an occupational therapy physical capacity evaluation.

She reviewed some records. Her exam was limited by plaintiff's pain. She notes generalized weakness and deconditioning. Dr. Hoddap suggested several conservative treatments, including pool therapy, acupuncture and adding a migraine prevention medication (Tr. 288-90, 737-40).

The record supports the ALJ's specific and legitimate reasons for not crediting Dr. Hoddap's opinion plaintiff was unable to work. The ALJ gave the October and November 2011 opinions little weight because the doctor had only seen plaintiff twice. She specifically recommended an occupational physical capacities evaluation. She indicated her opinion was "not based on available imaging and testing thus far," was an estimate only, and based on "observation in clinic visits only" (Tr. 33, 740, 787, 789).

An ALJ need not give controlling weight to the opinion of a treating physician [assuming for the sake of argument Dr. Hoddap is a treating doctor]. "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on the ALJ with respect to the existence of an

ORDER - 7

impairment or the ultimate determination of disability." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson*, 359 F.3d at 1195, citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject any opinion that is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F. 3d 1211, 1216 (9th Cir. 2005).

The ALJ properly discredited this contradicted opinion in part because Dr. Hoddap expressly admittedly she felt further testing was needed to accurately assess plaintiff's RFC. In the Court's view this alone is a specific and legitimate reason to give the opinion less credit. Plaintiff's reply alleges the Commissioner fails to address his contention the ALJ erred when she cited the lack of assessed specific work limitations as a reason to reject the opinion. ECF No. 17 at 7, referring to his opening brief, ECF No. 14 at 15-17. For the previously cited reason any error is clearly harmless. This represents the type of credibility determination charged to the ALJ which may not be disturbed on appeal where, as here, the evidence reasonably supports the ALJ's decision. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008 ), citing *Batson*, 359 F.3d at 1195-96.

### Dr. Powell

William Powell, D.O., treated plaintiff regularly with osteopathic manipulations throughout the relevant period  (Tr. 26, 337, 502-673).  The ALJ points out that in December 2010, Dr. Powell began prescribing Percoset, a combination of oxycodone and acetaminophen. This was in addition to the Methocarbamol, Trazodone and Tramadol already prescribed (Tr. 26, citing Ex. 18F/8). Within a few weeks, Dr. Powell also prescribed MS Contin (morphine) (Tr. 26, 595, 597). About two months later Dr. Powell added Neurontin three times daily for pain, and gradually increased the prescribed dose to four times a day (Tr.

640-46, 652, 654, 658, 660, 662). He also prescribed an injectable pain reliever for exacerbations and Valium for nausea (Tr. 768, 770, 810, 816, 818, 820, 822, 824, 826, 828, 830, 832, 836, 838, 840, 842, 848, 850, 852, 854, 856, 858, 861, 863.)

At times Dr. Powell has opined plaintiff was unable to participate in work activity, as the Commissioner acknowledges. ECF No. 16 at 11, citing Tr. 33, 567, 570, 666, 729. The ALJ rejected this contradicted opinion as inconsistent with Powell's own treatment notes that showed largely normal exams, and with other substantial evidence, including other examining doctors' findings. And Powell conceded he found no definitive cause for plaintiff's complaints (Tr. 567, 585). The ALJ concluded Powell's opinion must be based in part on plaintiff's unreliable self-report, given the lack of objective findings to support the dire limitations assessed (Tr. 30, 33-34, 284, 286, 338, 405, 420, 440, 503, 535-36, 567, 557, 676, 869, 875, 881, 886, 888, 892).

Plaintiff points to records by Dr. Powell showing the dates plaintiff was noted to be depressed, lethargic, or unkempt and the "many times abnormal findings" are indicated. ECF No. 17 at 2-5. The Court notes much of the cited evidence refers to conditions within plaintiff's control.

The findings of other examining doctors findings differ from Dr. Powell's. The ALJ notes Richard Dickson, M.D, a neurologist who examined plaintiff on May 24, 2011, opined a cervical spine MRI looked "fine"; there were "minor disk bulges, but nothing very severe." He opined no further neurologic workup was needed (Tr. 25, 407). The ALJ points out a CT head scan reviewed by treating Dr. Ricardo Rois, M.D., in May 2010 - two months before onset - was completely unremarkable (Tr. 26, 534). Nerve testing was normal, although it was before onset. Plaintiff alleges the ALJ should not have relied on the opinions of Drs. Devita and Kopp because their one-time examination was before onset in July 2010, ECF No. 17 at 3-4. As noted, the ALJ relied on other examining and treating

ORDER - 9

sources, as well as plaintiff's diminished credibility, when she weighed Dr. Powell's opinion.

The ALJ's reasons are specific, legitimate and supported by the record. An opinion may be rejected if it is unsupported by the evidence as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). An opinion based primarily on a claimant's properly discredited complaints may also properly be rejected. *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

*C. Mental limitations*

Roland Dougherty, Ph.D., examined plaintiff in January 2011 for complaints of head and neck pain, poor memory and depression. Plaintiff said he spent ninety percent of his time in bed due to pain. He denied ever having a substance abuse problem and even said an assessment showed he has no such problems (Tr. 339-50; 679). A July 2009 assessment shows a diagnosis of chemical dependency to alcohol (Tr. 324).

Plaintiff alleges the ALJ rejected Dr. Dougherty's opinion. He alleges the ALJ's failure to include Dougherty's diagnosis of cognitive disorder NOS at step two is error. ECF No. 14 at 18. The allegation is without merit.

The ALJ accepted Dougherty's assessed RFC limiting plaintiff to simple directions. Plaintiff fails to point to *any* limitations allegedly caused by cognitive disorder beyond those the ALJ included in her RFC. *See* ECF No. 17 at 7-8 (repeating the same conclusory statement as in the opening brief that "the ALJ's RFC finding did not account for the claimant's cognitive disorder as assessed by Dr. Dougherty"). Even assuming that the ALJ erred in neglecting to list cognitive disorder at step two, any error was harmless. The decision reflects that the ALJ considered and incorporated the mental limitations established by the evidence when she assessed plaintiff's RFC, making any error at step two harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)(any error in omitting bursitis at

ORDER - 10

step two was harmless where limitations imposed by the condition were considered at step four). The ALJ properly weighed this opinion.

*D. Step five*

Plaintiff alleges the ALJ failed to meet her burden at step five. ECF No. 14 at 18-20. The Commissioner responds that the ALJ properly weighed all of the evidence when she determined plaintiff's RFC. ECF No. 16 at 17-21.

The Commissioner is correct.

The ALJ limited plaintiff to simple, routine tasks to account for periods of waning concentration, persistence and pace. An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). A moderate limitation in concentration does not preclude employment. *See e.g., Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Plaintiff alleges the ALJ erred when she failed to limit him to brief, superficial contact with supervisors. ECF No. 17 at 9. The ALJ's assessed RFC includes a limitation to occasional and superficial contact with the public and with coworkers (Tr. 28), but does not include supervisors.

The VE identified the jobs of semiconductor bonder (DOT 726.685-066) and table worker (DOT 739.687-182) as jobs a person with plaintiff's RFC could perform (Tr. 36). Neither appears to require more than occasional and superficial contact with supervisors. See DOT 726.685-066 ("People : 8 N- not significant") and DOT 739.687-182 ("Examines squares (tiles) of felt-based linoleum material passing along on a conveyor and replaces missing and substandard tiles"). The occupation descriptions make no specific mention of co-worker or other interaction, suggesting that any contact is occasional, at most. The error therefore was inconsequential to the ALJ's final determination. *See Tommasetti v. Astrue,*

ORDER - 11

533 F.3d 1035,1038 (9th Cir. 2008 ).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED**:

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 3rd day of March, 2015.

*s/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE